IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Mobilitie Management, LLC,

          Plaintiff,     Case No. 1:16-cv-04396

v.     Michael L. Brown
     United States District Judge

Dan Harkness,

          Defendant.

_____/

## ORDER

Before the Court is Non-Party Quantum LLC's and Defendant Dan Harkness's Motion for Protective Order and Motion to Quash Subpoena. (Dkt. 93).

On February 12, 2018, Plaintiff Mobilitie Management, LLC served notice of its intent to serve a subpoena on non-party Simplifi Wireless Group, LLC, pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure. (Dkt. 93-1). The subpoena requests, among other things, certain agreements and correspondence between Quantum Wireless, LLC and Simplifi, and between Harkness and Simplifi. Both Quantum and Harkness move to quash the subpoena and for a

protective order preventing Mobilitie from further inquiring into Quantum's customers. Having reviewed the briefing, and in consideration of counsel's arguments at the Motion hearing held on March 7, 2018, the Court finds that neither Harkness nor Quantum has standing to quash the subpoena.

In the Eleventh Circuit, "[a] party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a 'personal right or privilege' relating to the documents being sought." *Lamar v. Clayton Cty. Sch. Dist.*, No. 1:13-CV-1600-RLV-ECS, 2014 WL 12650653, at *2 (N.D. Ga. Apr. 8, 2014) (citing *Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir.1979)). The term "privilege" in this context refers to protections afforded by the rules of evidence, including the attorney-client privilege. *See Cellairis Franchise, Inc. v. Duarte*, 193 F. Supp. 3d 1379, 1381 (N.D. Ga. 2016) (citing *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 555 (N.D. Ga. 2001)). And, courts have only found a "personal right" to subpoenaed materials in very limited circumstances, including when personal bank records or webmail inboxes are at issue. *See id*.

The pending motion does not satisfy either category of protection. Neither Quantum nor Harkness has alleged that any privilege is at issue. And regarding "personal interest," Harkness and Quantum contend merely that the requested communications are "confidential business information." *See* Dkt. 93 at 14. This is insufficient for standing. "[C]ourts in this circuit have held, and this court agrees, that 'that contention [that the requested communications are sensitive, confidential, and proprietary], without more, is not enough to give rise to standing.'" *Cellairis Franchise, Inc.*, 193 F. Supp. 3d at 1381.

Moreover, Quantum and Harkness do not have standing to quash the subpoena on the basis that the subpoena will substantially burden non-parties. Here, Simplifi itself—the recipient of the subpoena—has not objected to the subpoena on undue burden (or any other) grounds. Thus, Quantum and Harkness lack standing to do the same. *See Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (holding that a party does "not have standing to quash the subpoenas on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds"); *see also Precision Aviation Grp., Inc. v. Prime Indus., Inc.*,

No. 1:16-CV-3182-TCB, 2017 WL 2903361, at *2 (N.D. Ga. June 16, 2017).

Further, the Court declines to exercise its discretion under Federal Rule of Civil Procedure 26 to limit the subpoena or to grant the request for a protective order.

Accordingly, the motion (Dkt. 93) is hereby **DENIED** in full.

**IT IS SO ORDERED.**

Dated: March 12, 2018
Atlanta, Georgia

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE